**In re Scott Eugene and Kimberly Rae JONGQUIST, Debtors.**

**Marlyn Edwin DUERKOP, Plaintiff,**

v.

**Scott Eugene JONGQUIST, Defendant.**

Bankruptcy No. 3–89–00065.
Adv. No. 3–90–250.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

April 9, 1991.

Terri Melcher, Fridley, Minn., for plaintiff.

Gregory Seamon, St. Paul, Minn., for defendant.

## MEMORANDUM ORDER

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter came before the Court on cross motions for summary judgment.[1]

---

1. Plaintiff's Complaint was filed on October 23, 1990. The Affidavit of Service regarding the Summons and Complaint was filed November 19, 1990. A Scheduling Conference was held on January 3, 1991 attended by Counsel for both parties. Defendant did not request an extension of time to answer the Complaint. Under Bankruptcy Rule 7012, his Answer was due December 19, 1990, but no Answer was filed. Defendant's Motion for Summary Judgment was filed

Plaintiff Marlyn Edwin Duerkop (Duerkop) is represented by Terri A. Melcher. Defendant Scott Eugene Jongquist (Jongquist) is represented by Gregory P. Seamon. This is a core proceeding under 28 U.S.C. §§ 1334 and 157(a). The Court has jurisdiction to determine this matter under 28 U.S.C. § 157(b)(2)(I). Based upon all the files and records in this case, being fully advised in the premises, the Court now makes the following Order prusuant to the Federal and Local Rules of Bankruptcy Procedure.

## I.

### FACTS

On January 9, 1989, Jongquist and his spouse [2] filed their joint petition for Chapter 7 relief. Notice for the meeting of creditors held pursuant to 11 U.S.C. § 341(a) was mailed to listed creditors on January 17, 1989, and the meeting took place on February 8, 1989. Jongquist's case was initially noticed as a "No Asset" case, and creditors were instructed: "Do *NOT* file claims at this time. Debtor schedules indicate no assets exist from which to receive a dividend." The filing deadline for complaints objecting to the Debtors' discharge under 11 U.S.C. § 523 and § 727 was set as April 10, 1989, and was not extended.

The Debtors' discharge was entered on April 11, 1989. On April 26, 1989, the Chapter 7 trustee notified the Clerk's Office that funds might be available for distribution to creditors. On May 1, 1989, the Clerk's Office sent its Notice to File Claims, setting a 90–day period under Bankruptcy Rule 3002(c)(5) during which creditor claims must be filed to be eligible for treatment on distribution as timely filed claims. The last date to timely file claims

in this estate was July 31, 1989. Duerkop did not file a claim.

The Trustee's Final Report and Account Before Distribution was filed on December 20, 1989, and the notice of its proposed distribution issued on December 29, 1989, setting a 20–day period within which creditors might object to the proposed distribution. The total balance on hand for distribution was $390, of which $336 was designated for payment of administrative expenses, leaving $54 available for distribution to unsecured creditors.

No objections to the proposed distribution were filed, and the Court issued its Order Pursuant to Notice Regarding Awards of Compensation Etc. and Trustee's Final Report and Account on January 22, 1990, approving compensation of $58.50 and reimbursement of $212 to the Trustee, and assessing $65.50 in court costs. Thereafter, administration of the bankruptcy estate was completed by the trustee in accordance with the United States Trustee's procedures. On June 14, 1990, the Court entered its Order Closing Asset Case and Discharging Trustee.

On January 13, 1990, several months after the deadline to timely file claims in the case had passed, counsel for Jongquist notified the Clerk's Office that Duerkop's claim, in the amount of $28,857.23, had been omitted from the Debtors' schedules filed with the petition, and requested instructions regarding how the creditor might be added to the matrix.[3] On January 19, 1990, the Clerk's Office sent notice to Jongquist's counsel that a written request must be submitted providing the Clerk with the name and address for the omitted creditor, noting that a Final Report Before Distribution had been filed by the trustee. On January 24, 1990, Jongquist's counsel submitted a written request to add

---

on January 25, 1991, 67 days after the Summons and Complaint was served. Plaintiff, however, did not move for default judgment based upon Defendant's failure to Answer, and did not object to Defendant's Motion for Summary Judgment.

**2.** Jongquist's spouse is not a defendant in this action.

**3.** There is no suggestion that Duerkop ever had actual knowledge of the bankruptcy filing. In fact, Defendant's brief states that Duerkop had "constructive notice of the bankruptcy proceedings, over a month before the Trustee was Discharged from this case on June 14, 1990". Jongquist, therefore, does not defend on the basis of Duerkop's *actual* knowledge of the bankruptcy proceeding from sources other than the Clerk's notice.

Duerkop to the matrix, and Duerkop was added on January 29, 1990, the same date that the U.S. Trustee issued its Directive for Distribution to the Chapter 7 trustee.[4] No further activity was undertaken by any party until October 23, 1990, four months after the closing of the Debtors' case, when the present adversary proceeding was filed by Duerkop, seeking to have his debt declared nondischargeable under 11 U.S.C. § 523(a)(3).

Duerkop asserts as support for his position that he was denied the opportunity of meaningful participation in the bankruptcy case due to lack of notice. The Debtor failed to list his debt in the schedules or on the initial matrix, and he was not informed of the bankruptcy proceeding from any other source in time to file his claim. Jongquist defends on the grounds that the creditor had knowledge of the trustee's proposed distribution in time to object to it, and to demand that the trustee prepare an amended distribution. In any event, Jongquist argues, any distribution received by Duerkop would have been *de minimis* in relation to the amount of his claim. Therefore, he asserts that this adversary proceeding is without merit and should be dismissed as frivolous harassment by the creditor.

## II.

### ISSUE

Is Duerkop entitled to judgment that his entire claim is nondischargeable under 11 U.S.C. § 523(a)(3)[5]?

**4.** The U.S. Trustee, Chapter 7 Trustee, and counsel for Duerkop were not copied on the letter request for addition of Duerkop as a creditor, although counsel for Jongquist knew which trustee was in the process of administering the Debtor's estate and the identity of Duerkop's counsel.

**5.** 11 U.S.C. § 523(a)(3) reads in pertinent part: "... (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
... (3) neither listed nor scheduled under 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

## III.

### DISCUSSION

A creditor's right protected by 11 U.S.C. § 523(a)(3) is the right to *timely file a claim* in a pending bankruptcy case. *In re Mendiola*, 99 B.R. 864, 866 (Bankr.N.D. Ill.1989). What Duerkop lost in this case as a result of Jongquist's failure to properly schedule his claim or give other timely notice of the case was the right to timely file a proof of claim on or before July 31, 1989, and thereby share in the trustee's distribution to unsecured creditors, however small that distribution might be. Accordingly, Jongquist's argument that Duerkop had ample opportunity to object to the trustee's proposed distribution is ineffective as a defense to 11 U.S.C. § 523(a)(3). An objection to the proposed distribution, and the tardy filing of his claim would not have permitted Duerkop to share pro rata with other unsecured creditors who timely filed their claims.

It is clear that § 523(a)(3) produces a harsh result in this case. Had Duerkop's claim been properly scheduled or had he been timely notified of the case, the most he would have received was a distribution of a few dollars along with the other unsecured creditors. As a result of Jongquist's failure to schedule his claim or give Duerkop notice, Duerkop's debt is nondischargeable.[6] This result is mandated by the clear language of the statute, which makes no distinction between minimal asset cases, and those in which substantial and meaningful distributions are made to creditors.

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request; ...."

**6.** Duerkop's Complaint seeks $28,857.23 plus interest, costs and disbursements.

NOW, THEREFORE, IT IS ORDERED:

1. Plaintiff's Motion for Summary Judgment is granted.

2. Defendant's Motion for Summary Judgment is denied.

3. Plaintiff is entitled to judgment that his debt in the amount of $28,857.23 plus interest, costs and disbursements is not discharged with the general discharge granted Defendant under 11 U.S.C. § 727(a).

LET JUDGMENT BE ENTERED ACCORDINGLY.